**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| DIANA RING, *et al.*, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br> PINNACLE HOLDINGS, LTD.,<br><br>        Defendant. | Case No.: 26-cv-01090-CNS-TPO (lead consolidated case) |

**PROPOSED SCHEDULING ORDER**

**1. DATE OF SCHEDULING CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The scheduling conference was held on June 16, 2026 with the following counsel in attendance:

For Plaintiffs:

Leanna A. Loginov
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel.: (305) 479-2299
lloginov@shamisgentile.com

John J. Nelson
**MILBERG, PLLC**
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel.: (858) 209-6941
jnelson@milberg.com

Jeff Ostrow
Jonathan M. Streisfeld
**KOPELOWTIZ OSTROW P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Tel: 954.332.4200

1

ostrow@kolawyers.com

For Defendant:

Lea McBryde
**O'HAGAN MEYER LLC**
One East Wacker Drive
Suite 3400
Chicago, IL 60601
Tel: (312) 422-6100
jdavidson@ohaganmeyer.com

## 2. STATEMENT OF JURISDICTION

The Court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy, as pled, exceeds $5 million, exclusive of interest and costs. The number of class members is more than 100 and at least one member of the Class is a citizen of a different state that is diverse from Defendant's citizenship. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiffs

Defendant is a provider of healthcare consulting services to various healthcare providers. Plaintiffs, who all received notice letters from Defendant regarding a data breach, bring this putative class action on behalf of all individuals whose Personally Identifiable Information and Protected Health Information ("Private Information") was impacted by the data breach on Defendant's network that occurred between November 11, 2024, and November 25, 2024, including: patient name, address, phone number, email address, Social Security number, driver's license/state ID number, date of birth, medical diagnosis/treatment information, prescription information, date of service, patient ID number, provider name, medical record number, Medicare/Medicaid number, health insurance information, health insurance claim number, health insurance policy number, and/or treatment cost information). Plaintiffs claim Defendant was

2

negligent in its data security in allowing the unauthorized access to Plaintiffs' and proposed Class Members' Private Information, failed to warn them of its inadequate data security practices, failed to timely detect the data breach, and failed to timely notify them of the data breach. Plaintiffs also claim Defendant breached contracts with its clients of which they were third-party beneficiaries, and seek declaratory and injunctive relief to prevent future unauthorized disclosure of their Private Information.

Plaintiffs will be filing a consolidated class action complaint no later than July 10, 2026.

### b. Defendant

Defendant denies any and all liability stemming from the facts alleged and claims asserted in the Complaint. Upon consolidation of the related actions, Defendant intends to seek dismissal of Plaintiff's claims, as well as those asserted by the plaintiffs in the related actions, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing, and Fed. R. Civ. P. 12(b)(6) for failure to state a claim as to each of the causes of action asserted.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. There was unauthorized access and/or acquisition of certain files on Defendant's network between November 11, 2024, and November 25, 2024.

2. On November 25, 2024, Defendant learned of the data incident that network disruption that impacted certain systems. Defendant began an investigation, which included engagement of third-party specialists, to determine the nature and scope of the incident of the files accessed and/or acquired to determine whether they contained sensitive information and to which clients of Defendant the information related.

3. Defendant began sending notice letters to those individuals whose Private Information was impacted on February 27, 2026. Where applicable, the letters refer to a healthcare

provider from whom Plaintiffs and Class Members received care.

## 5.  COMPUTATION OF DAMAGES

### a.  Plaintiffs

Plaintiffs believe a computation of damages is premature. Plaintiffs anticipate seeking and putting forth expert opinions on the computation of damages upon receipt of the necessary discovery.  Without waiver and prejudice to the foregoing, Plaintiffs state the following:

Plaintiffs and the Class seek the recovery of actual damages resulting from Defendant's failure to adequately protect Private Information; any punitive damages allowed by law; restitution and disgorgement of all earnings, profits, compensation, and benefits received as a result of Defendant's unlawful acts, omissions, and practices; declaratory and injunctive relief requiring Defendant to implement and maintain adequate security measures and as permitted by law; and any further relief requested in the Prayer for Relief in Plaintiffs' anticipated consolidated complaint. Plaintiffs will also seek attorneys' fees and costs incurred to prosecute this action and pre- and post-judgment interest as allowed by law.

Plaintiffs' damages continue to accrue and Plaintiffs and Class Members must continue to take action to protect themselves as their Private Information, including their Social Security numbers, is likely to continue to be for sale to criminals on the dark web as a result of the data breach. Plaintiffs and Class Members seek compensation for time spent dealing with the consequences of the data breach, including, at a minimum, all out of pocket costs incurred as a result of the Data Breach.

In addition, Plaintiffs seek damages of the cost of identity theft protection, insurance, and fraud resolution services for the respective remaining lives of the Plaintiffs and Class Members. They further seek the value of their Private Information compromised and stolen in the data breach. PII and PHI are valuable property rights and Plaintiffs seek the value of the exposed data per Class

Member. The precise amount of the damages is the subject of expert testimony and will be disclosed in Plaintiffs' expert report on damages.

### b.  Defendant

Defendant denies that Plaintiff is entitled to any damages or other relief based on the facts alleged and claims asserted in the Complaint.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

### a.  Date of Rule 26(f) meeting.

The Fed. R. Civ. P. 26(f) meeting was held on June 16, 2026.

### b.  Names of each participant and party he/she represented.

Plaintiffs' Counsel:
Leanna A. Loginov, Shamis & Gentile, P.A.
John J. Nelson, Milberg, PLLC
Jonathan M. Streisfeld, Kopelowitz Ostrow P.A.

Defendant's Counsel:
Lea McBryde, O'Hagan Meyer LLC

### c.  Statement of when Rule 26(a)(1) disclosures were made or will be made.

Initial disclosures were made by the Parties after the Rule 26(f) Conference.

### d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None

### e.  Statement concerning any agreements to conduct informal discovery.

The Parties are willing to discuss the exchange of informal discovery should it prove fruitful for the discussion of potential resolution of this matter. Outside of the potential for early resolution, the Parties are prepared to engage in formal discovery.

**f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties will work cooperatively to narrow and identify any areas of dispute on evidentiary matters anticipated at trial and to present such disputes, to the extent possible, in pre-trial motions.

The Parties will work together, to the extent possible, to avoid unnecessary proof and cumulative evidence.

**g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

There are presently no particular issues regarding disclosure, discovery, or preservation of ESI. The Parties agree to work together cooperatively and in good faith to arrive at an efficient protocol for the production of ESI. The Parties agree to propose a stipulated protective order governing confidentiality and an ESI protocol.

The agree to negotiate and propose a stipulated protective order and an ESI protocol to be entered by the Court in this case by August 31, 2026, and to negotiate ESI search terms consistent with the ESI protocol.

**h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties have agreed to discuss the potential early resolution of this dispute and, in conjunction with counsel for the plaintiffs in the related actions, will confer further to determine whether more formal settlement discussions, potentially through private mediation, would be worthwhile.

## 7.  CONSENT

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge.

6

## 8.  DISCOVERY LIMITATIONS

**a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

The Parties do not seek modification of the limitations set forth in Fed. R. Civ. P. 30(a)(2)(A)(I) at this time but reserve the right to seek such modification from the Court should it become necessary.

**b.  Limitations which any party proposes on the length of depositions.**

None other than the 1-day, 7-hour limit per witness in Fed. R. Civ. P. 30(d)(1), which shall also apply to each witness designated pursuant to Fed. R. Civ. P. 30(b)(6), unless otherwise agreed by the Parties or ordered by the Court.

**c.  Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Plaintiffs' Position: Plaintiffs do not propose any limits on the number of requests for production or requests for admission. Plaintiffs anticipate at least 40 requests for production, which is warranted due to the complexity of the facts surrounding the cyberattack at issue in the case, including the technical cybersecurity measures in place prior to the cyberattack, the progression of the cyberattack, and the scope of the Private Information impacted.

Defendant's Position: Defendant does not anticipate requesting any increase on the number of requests for production or requests for admission). Should Defendant require additional requests for production or requests for admission, it will confer with counsel for the opposing party in an effort to come to an agreement before seeking the Court's involvement.

**d.  Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

Plaintiffs' Position: The Parties will serve their first set of Interrogatories, Requests for Production of Documents and/or admissions on or before August 15, 2026. All written discovery

shall be served no later than December 15, 2027. Plaintiffs will oppose Defendant motion to stay discovery, if filed.

Defendant's Position: Defendant has strong and well-supported arguments for dismissal of Plaintiff's claims, as well as those asserted by the plaintiffs in the related actions, on the basis of standing and failure to state a claim. Therefore, Defendant intends to seek a stay of discovery pending a decision on its motion to dismiss once it has been filed. Prior to filing its motion to stay, counsel for Defendant will confer with counsel for Plaintiffs in efforts to come to a resolution on the issue without the need for the Court's involvement.

e. **Other Planning or Discovery Orders**

In addition to the scheduling deadlines set forth in Section 9 below, given that this is a putative class action, the Parties proposed the following deadlines pertaining to briefing the motion for class certification

| Event | Proposed Deadline |
| --- | --- |
| Plaintiffs to disclose affirmative experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | March 15, 2027 |
| Defendant to disclose affirmative experts and rebuttal expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | May 14, 2027 |
| Plaintiffs to disclose rebuttal class certification experts, expert witness summaries, and reports as required by Fed. R. Civ. P. 26(a)(2) | July 13, 2027 |
| Plaintiffs' motion for class certification filed | March 15, 2027 |
| Defendant's opposition to Plaintiffs' motion for class certification filed | May 14, 2027 (or 60 days after the motion is filed, if sooner) |
| Plaintiffs' reply in support of their motion for class certification filed | July 13, 2027 (or 60 days after the opposition is filed, if sooner) |

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

November 16, 2026

8

**b.  Discovery Cutoff:**

Plaintiffs' Position: **Fact Discovery** completed by January 15, 2027, and Expert Discovery completed by August 13, 2027. Given that this a putative class action, and though there is no reason to bifurcate discovery, Plaintiffs believe that following the ruling on their motion for class certification, the Court should conduct a status conference to address whether any additional discovery is needed for the merits of the action (including expert discovery) or for any notice plan required for a certified class.

Defendant's Position: Defendant proposes that the determination of a discovery cutoff timeline shall not be made until the Plaintiffs file their Consolidated Class Action Complaint in Case No. 1:26-cv-01090. Defendant further proposes that discovery should be completed within one year after the Court's decision on Defendant's anticipated motion to dismiss Plaintiffs' Consolidated Class Action Complaint in its entirety.

**c.  Dispositive Motion Deadline:**

To be scheduled after the Court's order on Plaintiffs' anticipated motion for class certification.

**d.  Expert Witness Disclosure:**

**1.  The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiffs' Position: Plaintiffs anticipate calling an expert on cybersecurity to establish Defendant's liability, and multiple experts relevant to calculation of damages, including a dark web expert on the need for credit monitoring, an economics expert to value the Private Information and other damages, and an actuarial expert to calculate the cost of lifetime credit monitoring for Plaintiffs and Clas Members.

Defendant's Position: Defendant anticipates the need for expert testimony for at least the following issues: (1) liability for the Data Breach; (2) cybersecurity matters such as testimony

relating to Defendant's data privacy protocols and other issues; (3) industry standards for data security practices, policies, and procedures; and (4) the calculation of damages regarding Plaintiff's alleged injuries. A clearer picture of the scope of expert discovery in this litigation will emerge after there has been a ruling on Defendant's anticipated motion to dismiss Plaintiff's consolidated complaint and as the parties progress through discovery.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

The Parties do not propose any limitations on the number of expert witnesses.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 15, 2027 as to Plaintiffs and May 14, 2027 as to Defendant.**

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 14, 2027 as to Defendant and July 13, 2027 as to Plaintiffs.**

**e. Identification of Persons to Be Deposed:**

| *Name of Deponent* | *Expected Length of Deposition* |
|---|---|
| Corporate representative(s) of Defendant[1] | 7 hours per designated witness |
| Corporate representative of each of Defendant's clients whose patients or customers were impacted | 7 hours per designated witness |
| Each Named Plaintiff | TBD |

**10. DATES FOR FURTHER CONFERENCES**

**a. Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

_____, 20__ at __ o'clock ____m.

**b. A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

---

[1] Plaintiffs may also choose to depose Defendant's employees pursuant to Fed. R. Civ. P. 30(b)(1), if discovery deems it necessary.

_____, 20\_\_ at \_\_ o'clock \_\_\_\_m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

Plaintiffs have demanded a jury trial, and the Parties estimate 5 to 8 days for trial.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information

11

must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at _____, Colorado, this _____      day of _____, 20__.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge

APPROVED AS SUBMITTED ON JULY 6, 2026

By: */s/ Jeff Ostrow*
Jeff Ostrow
**KOPELOWTIZ OSTROW P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Tel: 954.332.4200
ostrow@kolawyers.com

Leanna A. Loginov
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel.: (305) 479-2299
lloginov@shamisgentile.com

John J. Nelson
**MILBERG, PLLC**
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel.: (858) 209-6941
jnelson@milberg.com

*Interim Co-Lead Class Counsel*

By: */s/ James W. Davidson*
James W. Davidson
Lea McBryde
**O'HAGAN MEYER LLC**
One East Wacker Drive
Suite 3400
Chicago, IL 60601
Tel: (312) 422-6100
jdavidson@ohaganmeyer.com

*Counsel for Defendant*