**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

DIANA RING, *et al.,* individually and on behalf of all others similarly situated,

Plaintiff,

v.

PINNACLE HOLDINGS, LTD.,

Defendant.

**Case No.: 1:26-cv-01090-CNS-TPO**

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY DISCOVERY PURSUANT TO FRCP 26(c)**

NOW COMES Defendant Pinnacle Holdings, LTD., ("Pinnacle" or "Defendant") by and through its undersigned counsel, and hereby respectfully requests that this Court stay discovery in this matter pending the Court's decision on Pinnacle's Motion to Dismiss Plaintiff's Consolidated Class Action Complaint. In support thereof, Pinnacle states as follows:

## I. BACKGROUND

Plaintiffs Ring, Butsch, Williams, Johnson, Forbes, and Gonzales ("Plaintiffs") filed individual lawsuits asserting various claims arising out of a cybersecurity attack that impacted Pinnacle's systems on November 25, 2024. On May 26, 2026, the cases were consolidated into the instant action, and on July 10, 2026, Plaintiffs filed their Consolidated Class Action Complaint (the "Complaint"), asserting the following claims: (1) negligence, (2) negligence *per se*, (3) breach of third-party beneficiary contract, (4) unjust enrichment, and (5) declaratory judgment.

On August 24, 2026, Defendant filed a Motion to Dismiss Plaintiffs' Consolidated Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and 12(b)(1) for lack of subject matter jurisdiction.

## II. <u>LEGAL STANDARD</u>

Rule 26(c) permits the Court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co*., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). Thus, "[c]ourts have exercised their discretion to stay discovery in cases pending resolution of a dispositive motion when appropriate." *Nardo v. Homeadvisor, Inc*., No. 21-cv-01709-RM-KLM, 2022 U.S. Dist. LEXIS 75027, at *4 (D. Colo. Jan. 4, 2022). In evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden of the defendants' (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."

*String Cheese Incident, LLC v. Stylus Shows, Inc*., No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006). Importantly, "[n]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of this case." *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 U.S. Dist. LEXIS 121534, at *8 (D. Colo. Aug. 2, 2017).

## III. ARGUMENT

This Court should grant a stay discovery until such time as Defendant's Motion to Dismiss (ECF No. 28) has been decided, as all of the *String Cheese* factors favor issuance of a stay. *String Cheese Incident, LLC*, 2006 U.S. Dist. LEXIS 97388, at *4-5. Here, Pinnacle has filed a Motion to Dismiss Plaintiffs' Complaint in its entirety, based on (1) a lack of subject matter jurisdiction, as none of the representative Plaintiffs have standing to assert their claims, and (2) Plaintiffs' failure to allege an essential element of each and every claim asserted in the Complaint. (ECF No. 28). If granted, Defendant's Motion to Dismiss would dispose of all causes of action asserted in the Complaint, eliminating the need for – or the Plaintiffs' entitlement to – discovery.

1. A stay of discovery is appropriate, as Defendant has argued, this Court lacks subject matter jurisdiction over the instant action.

While a court may stay discovery pending a decision on any motion to dismiss, "certain questions—including whether the court has subject matter jurisdiction—should be resolved at the earliest stages of litigation and present particularly compelling grounds for a stay." *Dillon Cos. LLC v. United Food & Com. Workers Int'l Union, Loc. No. 7*, No. 1:25-cv-00417-CNS-SBP, 2025 U.S. Dist. LEXIS 121841, at *5 (D. Colo. June 26, 2025); *see, e.g.*, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 U.S. Dist. LEXIS 73824, at *5-6 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues"); *Sandoval v. United States*, No. 11-cv-01533-REB-KLM, 2011 U.S. Dist. LEXIS 93939, at *4 (D. Colo. Aug. 23, 2011) ("Questions of jurisdiction should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. Thus, a stay of discovery during the

pendency of a dispositive motion asserting a jurisdictional challenge may be appropriate and efficient."); *Wyers Prods. Grp. v. Cequent Performance Prods. Inc*., No. 12-cv-02640-REB-KMT, 2013 U.S. Dist. LEXIS 80433, at *7 (D. Colo. June 7, 2013) (noting that a plaintiff's "interest in proceeding expeditiously" can be "overcome by the burden" of "proceed[ing] with discovery only to have the case dismissed for lack of subject matter jurisdiction").

Particularly where, as here, Defendant challenges Plaintiffs' standing to sue under Article III, a stay of discovery is warranted because, "should the [court] find that Plaintiff does, in fact, lack Article III standing, that would dispose of this case in its entirety. Therefore, the Court finds that Defendant's requested stay would be convenient to the Court and would promote judicial efficiency." *Retzolff v. Jacobs Ent., Inc.,* No. 24-cv-03538-PAB-KAS, 2025 U.S. Dist. LEXIS 276767, at *5 (D. Colo. Sep. 12, 2025).

Here, Pinnacle has argued, Plaintiffs have failed to demonstrate that they suffered an "injury-in-fact," and thus, lack standing under Article III. Defendant cites several opinions issued by Courts within the Tenth Circuit dismissing similar claims arising out of data breach incidents. These opinions include, but are not limited to, *Henderson v. Reventics, LLC*, No. 23-cv-00586-MEH, 2024 U.S. Dist. LEXIS 234435 (D. Colo. Sep. 30, 2024), and *Maser v. Commonspirit Health*, No. 1:23-cv-01073-RM-SBP, 2024 U.S. Dist. LEXIS 102196 (D. Colo. Apr. 16, 2024), cases in which this Court expressly found, many of the categories of theoretical or potential future harm asserted by Plaintiffs in the instant matter, were insufficient to establish standing.

Pinnacle has also moved to dismiss each of Plaintiffs' claims for damages pursuant to Fed. R. Civ. P 12(b)(6) based on their failure to allege essential elements of each of the claims asserted. Specifically, Defendant has moved to dismiss (1) Plaintiffs' negligence claims for failure to establish the existence of a duty, and failure to allege they suffered noneconomic damages; (2) Plaintiffs' negligence *per se* claims based on an alleged violation of the FTC Act and HIPAA for failure to allege Pinnacle ins a covered entity and because the FTC Act does not prescribe any discrete act; (3) Plaintiffs' Breach of Third-Party Beneficiary Contract Claim for failure to allege the existence of a contract for which Plaintiffs were the intended beneficiaries; and (4) Plaintiffs' unjust enrichment claim for failure to allege they conferred any benefit on Pinnacle. (ECF No. 28). In support of its Motion to Dismiss, Defendant has cited several opinions issued by this Court and other courts within the Tenth Circuit, dismissing similar claims arising out of data breaches. (*See* ECF No. 28).

Accordingly, given the likelihood that a decision on the pending Motion to Dismiss could result in the termination of a large portion – if not all – of the claims at issue in this action, commencing discovery in advance of that decision could result in wasted party and judicial resources. Moreover, discovery is not necessary for the Court to decide the motion to dismiss, as the Court's inquiry is limited to the four corners of the Complaint. *Griego v. Neutron Holdings, Inc.*, No. 25-cv-03603-NYW-SBP, 2026 U.S. Dist. LEXIS 157181, at *2 (D. Colo. July 15, 2026) ("In ruling on a Rule 12(b)(6) motion, 'a court must restrict its review to only the allegations within the four corners of the complaint, . . .'" (quoting *Brown v. City of Tulsa*, 124 F.4th 1251, 1263-64 (10th Cir. 2025)).

This Court has routinely granted motions to stay discovery under similar circumstances. *See, e.g., Barnes v. Omnicell*, Civil Action No. 24-cv-00538-PAB-CYC, 2026 U.S. Dist. LEXIS 10241, at *3-4 (D. Colo. Jan. 20, 2026) (granting a stay of discovery pending a ruling on Defendant's motion to dismiss); *Trustees of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No. 09-cv-02842-WYD-CBS, 2010 U.S. Dist. LEXIS 55182, 2010 WL 1904509, at *13-14 (D. Colo. May 11, 2010) ("It cannot be gainsaid that the court has considerable discretion over the timing of discovery. . . . In that regard, this court is empowered under Fed. R. Civ. P. 26(c) to stay an action while a dispositive motion is pending."); *Edwards v. Zenimax Media, Inc*., No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 68816, at *9 (D. Colo. May 17, 2012) (granting motion for stay of discovery where, due to a pending dispositive motion, "the requested discovery may ultimately be useless and a waste of the parties' time and resources.").

Finally, the potential prejudice to Pinnacle would be great if discovery were to proceed in advance of a decision on the pending Motion to Dismiss. Pinnacle makes clear in its Motion to Dismiss that Plaintiffs lack standing and have failed to allege sufficient facts to support any of the claims asserted in the Consolidated Complaint. Nonetheless, Plaintiff insists on the commencement of discovery, which would require significant party and judicial resources. Moreover, should Defendant's Motion to Dismiss be granted after the parties have exchanged discovery, the parties and the Court will have expended significant time and resources in vain. Contrastingly, Plaintiff cannot demonstrate any potential prejudice if the matter is stayed. Finally, "a stay would serve the Court and the public interest by avoiding the unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety."

*Barnes v. Omnicell*, No. 24-cv-00538-PAB-CYC, 2026 U.S. Dist. LEXIS 10241, at *6 (D. Colo. Jan. 20, 2026); *see Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 U.S. Dist. LEXIS 48315, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (quoting *Dem. Rep. Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)). Accordingly, the *String Cheese* factors weigh in favor of granting the requested stay of discovery.

## IV. CONCLUSION

As detailed above, good cause exists to grant Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss. The prejudice to Pinnacle in engaging in invasive and expensive discovery related to claims that may later be dismissed far outweighs the potential prejudice to Plaintiff in waiting for the Court to issue its decision on the Motion. This is particularly true, as there is a possibility that all the claims asserted in Plaintiff's Complaint may be dismissed for lack of subject matter jurisdiction, or for failure to state a claim.

WHEREFORE, Pinnacle respectfully requests that this Court grant the instant Motion, and issue an order staying discovery, until such time as Defendant's Motion to Dismiss Plaintiff's Complaint has been decided.

Dated: August 26, 2026

By: ***/s/ James W. Davidson***

James W. Davidson
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: (312) 422-6100
jdavidson@ohaganmeyer.com
*Counsel for Defendant*

## CERTIFICATE OF CONFERRAL

The undersigned met and conferred with Plaintiffs' counsel before filing this Motion, in compliance with Civil Practice Standard 7.1B. However, the parties were unable to agree to the issues raised in the Motion and require the Court's intervention to resolve them.

***/s/ James W. Davidson***
James W. Davidson

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide copies to all counsel of record.

By: ***/s/ James W. Davidson***

James W. Davidson
O'HAGAN MEYER LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
Tel: (312) 422-6100
jdavidson@ohaganmeyer.com