**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

DIANA RING, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PINNACLE HOLDINGS, LTD.,

Defendant.

**Case No.: 1:26-cv-01090-CNS-TPO**

**PROTECTIVE ORDER GOVERNING THE EXCHANGE OF CONFIDENTIAL INFORMATION DURING LITIGATION**

Entered By Magistrate Judge Timothy P. O'Hara

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information. CONFIDENTIAL information

shall not be disclosed or used for any purpose except the preparation and trial of this case. The protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure (including becoming part of the public record through trial or otherwise), excluding any information that comes into the public domain as a result of a violation of law or of this Protective Order; and (b) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b. the parties, including their designated representatives and counsel;

c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

d. the Court and its employees ("Court Personnel") and the jury at trial;

e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f. deponents, witnesses, or potential witnesses;

g. the Colorado Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, C.R.S. § 10-1-128(5)(a) and Colo. Ins. Reg. 6-5-1;

h. anyone as otherwise required by law; and

i. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form attached as *Exhibit A*, stating that he or she has read this Protective Order and agrees to be bound by its provisions. An agreement on the record at a deposition or hearing to abide by the terms of this Protective Order shall be equally binding as a written acknowledgment for the persons identified in sub-paragraph 4(f). All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of

the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the 30-day period has expired.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge O'Hara's (or any subsequent magistrate judge's) Civil Practice Standards. If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If the designating party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, designation of CONFIDENTIAL information that qualify for protection under this Order shall be made before, or at the time of, production or disclosure. An inadvertent failure to designate CONFIDENTIAL information does not, standing alone, waive the designating party's right to secure protection under this

Protective Order for such CONFIDENTIAL information. Upon notification of correction to a designation, the receiving party must make reasonable efforts to assure that the CONFIDENTIAL information is treated in accordance with the provisions of this Protective Order. Within ten business days of providing such notice, the designating party shall provide relabeled copies of the documents, materials, and information to each receiving party reflecting the change in designation; Upon receiving the document, materials, or information with the correct CONFIDENTIAL designation, the receiving party shall securely destroy all documents reasonably accessible to the receiving party that was not designated correctly. The designation or failure to designate CONFIDENTIAL information at the time of production or otherwise shall not be determinative of the status as trade secret, proprietary, or otherwise as CONFIDENTIAL.

10. If a designating party discovers that it inadvertently disclosed privileged documents, it shall promptly (within seven business days) notify the receiving party in writing. The Parties shall comply with the requirements set out in Fed. R. Civ. P. 26(b)(5)(B). The following procedures shall apply:

a. If the designating party discovers that it has produced any attorney-client privileged or work-product-protected documents or material ("Privileged Documents") it shall provide written notice ("Clawback Notice") of the claim to the receiving party identifying the Privileged Documents within seven days of its discovery. The Clawback Notice shall include the Bates range of each Privileged Document the designating party seeks to claw back. If the designating party claims that only a portion of the Privileged Documents contains privileged or other protected material, the designating party shall

provide a new copy that is redacted to protect only the portion(s) claimed to be privileged or otherwise document. If the designating party claims that the entire document is privileged or protected, then the designating party shall provide a slip sheet noting that the document has been withheld. The receiving party shall immediately sequester all documents identified in the Clawback Notice (but in no event more than 5 days following the Clawback Notice).

b. Within 14 days of receipt of a Clawback Notice (unless the receiving party challenges the designating party's claim of privilege as set forth below), the receiving party must promptly return or destroy the Privileged Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed, and notify the designating party when this is complete.

c. If a receiving party challenges a claim that a document specified in a Clawback Notice is privileged or work-product-protected, the receiving party shall immediately sequester the challenged document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose or use the substance of the information for which privilege is claimed, until the claim has been resolved. The receiving party shall notify the designating party of its challenge (and the reasons therefor) within 14 days of receiving the Clawback Notice asserting the claim. Within 14 days of the designating party's receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable

to reach agreement, the party designating the Privileged Documents shall initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge O'Hara's (or any subsequent magistrate judge's) Civil Practice Standards, including the submission documents for *in camera* review. The designating party shall bear the burden of establishing the privileged or protected nature of the Privileged Documents.

11. A party that discovers or learns that it may have received a privileged or otherwise protected document or material shall promptly (within seven business days) notify the designating party in writing and shall promptly (within seven business days) return or destroy the document or material without distributing, disseminating, or reproducing the document or material, and shall retrieve or destroy the document or material to the extent such document has been distributed, disseminated, or reproduced.

12. A party's return, deletion, or destruction of information does not waive its right to challenge any claim of privilege, confidentiality, work-product immunity, or other protection. Nothing in this Protective Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing CONFIDENTIAL information that the attorney knows or reasonably should know to be privileged or otherwise protected and to inform the designating party that such CONFIDENTIAL information has been produced.

13. Each party must make reasonable efforts to protect the confidentiality of any CONFIDENTIAL information disclosed or produced to that party. Any party who learns of a breach of confidentiality must immediately use its best efforts to remedy the breach, must promptly (and in no event later than five business days after discovery)

notify the producing party of the scope and nature of that breach, must inform the persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and must request such persons to execute a written acknowledgment stating , in the form attached as *Exhibit A*, that he or she has read this Protective Order and agrees to be bound by its provisions.

14. Unless other arrangements are agreed upon in writing by the parties, within 30 days of the final determination of this action (including the exhaustion of all appellate rights), each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL information, including any copies, and certify that it has been destroyed. The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

15. Any request to restrict public access to materials designated as CONFIDENTIAL pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

16. The terms of this Protective Order are applicable to documents produced by a non-party in this action and designated as CONFIDENTIAL. Such documents produced by non-parties in connection with this action is protected by this Protective

Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

17. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: September 4, 2026

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge

# EXHIBIT A

| | |
|---|---|
| DIANA RING, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE HOLDINGS, LTD.,<br><br>Defendant. | **Case No.: 1:26-cv-01090-CNS-TPO** |

## ACKNOWLEDGMENT

I,________________________________ [print or type full name], of __________________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Colorado on the date set forth in the Order in the case of *Ring, et al. v. Pinnacle Holdings, Ltd.,* Case No. 1:26-cv-01090-CNS-TPO.

I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any CONFIDENTIAL information that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I will access and review CONFIDENTIAL information that may be provided to me solely for the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation and for no other purpose whatsoever. I further agree not to disclose any CONFIDENTIAL information except as allowed by the terms of the Protective Order. I will only make such copies of or notes concerning the CONFIDENTIAL information as are necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation in connection

with this Action.

As soon as practical, but no later than 30 days after final determination of this Action, I shall promptly return to the attorney from whom I have received them or securely destroy or delete all CONFIDENTIAL information provided to me as well as any hard and electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the CONFIDENTIAL information, and if requested to do so, certify the destruction or deletion of all CONFIDENTIAL information. I understand that my obligations pertaining to the CONFIDENTIAL information continue even after the conclusion of the Action.

I understand and agree that all CONFIDENTIAL information is subject to state and federal statutory and regulatory privacy and security standards, including but not limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164.

I also agree that I will develop, implement, maintain, and use appropriate and reasonable administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any CONFIDENTIAL information and to prevent non-permitted use or disclosure of any CONFIDENTIAL information that I receive from any person in connection with this case.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

By:________________________________

Signature

Printed Name:________________________

Date:___________________________