**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

DIANA RING, *et al.*, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

PINNACLE HOLDINGS, LTD.,

Defendant.

**CASE NO.: 1:26-cv-01090-CNS-TPO**

**PLAINTIFFS' RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiffs William Butsch II, Giovanna Williams, Louis Johnson III, Brenda Forbes, and Arthur Gonzalez Jr. ("Plaintiffs") respond in opposition to Defendant Pinnacle Holdings Ltd.'s Motion to Stay Discovery ("Motion to Stay"). ECF Nos. 30, 31. For the reasons set forth below, the Motion to Stay Discovery should be denied.

## INTRODUCTION

Defendant asks the Court to impose a stay of all discovery pending a ruling on Defendant's Motion to Dismiss. ECF Nos. 30, 31. Under this District's case authority, a stay is the exception and not the rule, as this District generally disfavors stays. As Defendant's own authority recognizes, the *String Cheese* factors that apply to the Motion do not require the Court to predict the merits of a dispositive motion. Yet, Defendant relies largely on its belief that its Motion to Dismiss will succeed. That unsubstantiated belief is insufficient because application of the applicable factors weighs against a stay.

Defendant fails to identify any specific discovery burden that warrants a stay, relying instead on the conclusory assertion that it stands a chance to win its Motion to

Dismiss in its entirety. As set forth below, Defendant is unlikely to prevail on the entirety of that motion, meaning the case will continue. Moreover, no prejudice will result to Defendant, as regardless of the causes of action asserted, discovery will focus on the same core issues, i.e., Defendant's data security practices. The prejudice from delay, however, is concrete. Defendant has already waited more than 400 days past the deadline set by Colorado's breach-notification statute before telling victims that their Social Security numbers and protected health information have been exposed. CAC ¶¶ 6, 59-60. A discovery stay would further harm Plaintiffs and the Class Members as their risk of identity theft and fraud is ongoing. Because Defendant has shown no undue burden from discovery while further delay would prejudice Plaintiffs and the putative Class, the *String Cheese* factors weigh against a stay. For these reasons and those set forth below, Defendant's Motion to Stay should be denied.

## BACKGROUND

Defendant is a Colorado-based provider of healthcare consulting services that collected Plaintiffs' and Class Members' Private Information, including Social Security numbers, driver's license numbers, dates of birth, and detailed medical treatment information from its healthcare provider clients. CAC ¶¶ 3, 7. Between November 11, 2024, and November 25, 2024, an unauthorized actor accessed Defendant's network and exfiltrated that information. *Id.* ¶ 5. Defendant did not begin notifying victims until February 27, 2026, more than fifteen months later, and more than 400 days after the thirty-day deadline imposed by Colorado's breach notification statute, Colo. Rev. Stat. § 6-1-716(2)(a). *Id.* ¶¶ 6, 59-60.

Five named Plaintiffs, whose individual actions were later consolidated, filed the

Consolidated Class Action Complaint ("Complaint"), asserting claims for negligence, negligence per se, breach of third-party beneficiary contract, unjust enrichment, and declaratory judgment on behalf of a putative nationwide class that Plaintiffs estimate will include thousands of individuals whose Private Information Defendant held. CAC ¶¶ 68, 258. Plaintiffs filed the Complaint on July 10, 2026. On August 24, 2026, Defendant moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to which Plaintiffs will respond. ECF No. 28. Two days later, Defendant filed the instant Motion to Stay all discovery pending resolution of the Motion to Dismiss.

Before the Motion to Stay was filed, the Parties appeared before Magistrate Judge Timothy P. O'Hara for a scheduling conference, and the July 14, 2026, Scheduling Order "reiterates that there is no stay of discovery until a stay is granted. *See* D.C.COLO.LCiv R 30.2(a)." ECF No. 26 at 9 (emphasis in original). Defendant did advise that it was considering filing the Motion to Stay but waited 43 days to do so, and only after Plaintiffs served interrogatories and document requests on Defendant on August 15, 2026.

## LEGAL STANDARD

Stays are "generally disfavored in this District" and are considered to be "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015). Courts in this District treat a motion to stay discovery as a motion for protective order against discovery under Rule 26(c), which will only be granted "upon a showing of good cause, to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at *2 (quoting Fed. R. Civ. P. 26(c)). To sustain this heavy burden, "the movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious

injury to the party seeking protection." *Id.* (citing *Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002)). In evaluating a motion to stay discovery, courts apply the following five factors:

> (1) Plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, Ltd. Liab. Co. v. Stylus Shows, Inc.*, No. 05-cv-01934-LTB-PAC, 2006 U.S. Dist. LEXIS 97388, at *4-5 (D. Colo. Mar. 30, 2006). Those factors do not support a stay here.

Defendant devotes most of its Motion to arguing the merits of its own Motion to Dismiss. But the very authority Defendant cites forecloses that argument: "[n]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of the case." *Church Mut. Ins. Co. v. Coutu*, No. 17-cv-00209-RM-NYW, 2017 U.S. Dist. LEXIS 121534, at *8 (D. Colo. Aug. 2, 2017) (quoted at Mot. at 2). Having invoked this rule, Defendant may not rely on its argument that a stay should be granted because it believes its Motion to Dismiss will succeed. As discussed below, it is likely that all or at least some of the claims in the Complaint will survive the Motion to Dismiss.

Applying the correct test, Defendant's showing on the *String Cheese* factors is inadequate. Defendant identifies no category of discovery it contends is disproportionate, and no estimate of cost or burden. Defendant only offers the hypothetical statement that discovery "could result in wasted party and judicial resources." Mot. at 5. Such conclusory statements do not meet the burden for a stay. *See Boulter v. Noble Energy, Inc.*, No. 20-cv-00861-WJM-KLM, 2020 U.S. Dist. LEXIS 267286, at *3-4 (D. Colo. Nov. 16, 2020)

("Generally, the Court requires a particular and specific demonstration of fact in support of a request for a stay.") (internal citations and quotation marks omitted); *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 U.S. Dist. LEXIS 73824, at *7 (D. Colo. Feb. 14, 2019) ("While this court is aware of the discovery burdens imposed on all litigants, that burden on Defendants does not appear out of the ordinary here."); *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 U.S. Dist. LEXIS 19055, at *9 (D. Colo. Feb. 10, 2011) ("However [Defendant] does not specifically explain how third parties will be burdened and, as previously explained, [Defendant's] hypothetical regarding the burden of electronic discovery does not establish good cause for a stay.").

## ARGUMENT

### I. The *String Cheese* Factors Weigh Against a Stay.

Defendant does not meaningfully analyze the *String Cheese* factors, the primary considerations governing whether a discovery stay is warranted. Defendant incorrectly rests its request on its Motion to Dismiss, but the likelihood of success on a dispositive motion is not a *String Cheese* factor and does not, standing alone, justify a stay.

#### A. Plaintiffs' and the Class's Interest in Proceeding Expeditiously, and the Prejudice a Further Delay Would Cause, Weigh Against a Stay.

Contrary to Defendant's position (Mot. at 6), it is Plaintiffs and putative Class Members who will be prejudiced if all discovery is delayed. Plaintiffs have already suffered from a fifteen-month delay from when the Data Breach occurred to when Defendant decided to notify them of the Data Breach. CAC ¶ 60. That delay has already left Plaintiffs' and Class Members' most sensitive information exposed for well over a year. *See id.* Staying discovery now would only extend the period during which the individuals whose Private Information remains exposed are left without relief. Plaintiffs have an interest in

expeditious litigation. *See, e.g., Rivera v. Maldonado*, No. 21-cv-01119-CMA-NYW, 2021 U.S. Dist. LEXIS 210109, 2021 WL 5050425, at *2 (D. Colo. Nov. 1, 2021). There is a risk that evidence will go stale and witnesses' memories will fade with passage of time. Plaintiffs should be permitted to go forward with discovery to vindicate their claims.

Courts applying the *String Cheese* factors have consistently recognized that plaintiffs have a legitimate interest in proceeding without unnecessary delay, particularly where, as here, Plaintiffs continue to suffer from the harms Defendant caused. *See Boulter*, 2020 U.S. Dist. LEXIS 267286, at *6 (finding plaintiffs' interest in proceeding "manifest" and that a stay "would delay resolution of Plaintiffs' claims"); *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-cv-2046-KHV-ADM, 2024 U.S. Dist. LEXIS 172304, at *8 (D. Kan. Sep. 23, 2024) (plaintiff "has a right to see [the case] proceed in a timely manner, absent a strong showing by the movant."). The Court should not grant a stay simply because the Defendant believes it might prevail on a motion to dismiss. Indeed, Courts in this District have repeatedly observed that "motions to dismiss are denied far more often than they result in the termination of a case." *Peterson v. City & Cnty. of Denver*, No. 1:21-cv-01804-RMR-SKC, 2022 U.S. Dist. LEXIS 76680, at *6 (D. Colo. Apr. 27, 2022). Accordingly, this factor weighs against a stay.

**B. Defendant Has Not Shown Any Cognizable Burden Sufficient to Justify a Stay.**

Defendant fails to offer any facts justifying its claim that commencing discovery will be unusually burdensome, time consuming, or expansive. The only burden articulated by Defendant is the general discovery burden it would face in any litigation. However, it is well-settled by courts in this District that these sorts of "ordinary burdens associated with litigation do not constitute an undue burden." *Graesser v. IQVIA RDS Inc.*, No. 21-cv-

01337-PAB-KLM, 2021 U.S. Dist. LEXIS 238819, at *3 (D. Colo. Dec. 14, 2021) (citing *Collins v. Ace Mortgage Funding, LLC*, No. 08-cv-01709-REB-KLM, 2008 U.S. Dist. LEXIS 87503, at *3 (D. Colo. Oct. 1, 2008)). That is equally true for class action discovery. *Clark v. Green Tree Servicing LLC*, No. 13-cv-02646-PAB-MEH, 2014 U.S. Dist. LEXIS 10904, at *5 (D. Colo. Jan. 29, 2014).

Moreover, a "party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements." *Id.* Instead, "[t]he movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection." *Id.* Defendant here has identified nothing of the sort. Defendant should be required to respond to Plaintiffs' discovery requests and serve objections if deemed necessary, at which point the parties can address whether any of the requests are unduly burdensome.

**C. The Convenience to the Court Favors Denying a Stay.**

"Regarding the third factor, entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable." *Boulter*, 2020 U.S. Dist. LEXIS 267286, at *7. Defendant's Motion to Dismiss seeks to dismiss all of Plaintiffs' claims, resolution is unlikely to be immediate, and a stay pending resolution of Defendant's Motion to Dismiss will further delay the proceeding significantly. Further, as set forth below, Defendant's Motion to Dismiss is unlikely to succeed as Plaintiffs have Article III standing and have plausibly pleaded their claims. Standing plus at least one well-pled claim means the case will proceed. Thus, this factor weighs against a stay.

**D. The Interests of Other Parties Weigh Against a Stay.**

The interests of other parties, particularly absent putative Class Members, would also be undermined by unnecessary delay. Plaintiffs estimate the Data Breach exposed the Private Information of thousands of individuals. CAC ¶¶ 68, 258. Those absent Class Members share the same interest Plaintiffs have in a prompt resolution of claims arising from the exposure of their Social Security numbers and protected health information, and they bear the same risk that continued delay will hinder their ability to seek relief. *See Boulter*, 2020 U.S. Dist. LEXIS 267286, at *8 ("Plaintiffs, on the other hand, point to the proposed class members who are not yet parties to this litigation and assert that those parties are subject to the same prejudice as Plaintiffs discussed under the first factor."). Thus, this factor also weighs in favor of denying Defendant's request for a stay.

**E. The Public Interest Favors Denying a Stay.**

Finally, the public interest favors the timely and just resolution of civil disputes, particularly ones implicating data security obligations that Colorado's own breach notification statute is designed to enforce. Colo. Rev. Stat. § 6-1-716(2)(a). A stay of discovery in a case alleging thousands of Colorado consumers' Social Security numbers and medical information were exposed, and that notice of that exposure was delayed by more than a year, would not serve the public interest in the fair and speedy administration of justice. *See J.D. Heiskell Holdings, LLC v. Willard Dairy, LLC*, No. 23-854 JCH/JFR, 2024 U.S. Dist. LEXIS 146443, at *13 (D.N.M. Aug. 15, 2024) ("Discovery stays pending adjudication of motions to dismiss under Rule 12(b)(6) are disfavored, in part because they tend to prolong proceedings."). This factor also weighs against a stay. *See Boulter*, 2020 U.S. Dist. LEXIS 267286, at *8.

### II. A Preliminary Peek at the Motion to Dismiss Does Not Reveal It Is Clearly Meritorious and Will Dispose of the Entire Case.

Even though the *String Cheese* factors do not include likelihood of success on a dispositive motion, fairly read, the Motion to Stay rises and falls on Defendant's claim that its Motion to Dismiss will result in dismissal of the entire case. Defendant argues that Plaintiffs lack standing and have failed to state causes of action for which relief may be granted. That argument fails for the reasons previewed below.

First, Defendant's Motion to Stay centers its argument on the claim that the Court does not have subject matter jurisdiction because Plaintiffs have not established an "injury-in-fact" sufficient for Article III standing. Not so, as will be detailed in Plaintiffs' response to the Motion to Dismiss. To the extent the Court takes a preliminary peek at Plaintiffs' standing, each Plaintiff has sufficiently alleged an "injury-in-fact" as a result of this Data Breach. *See* CAC ¶¶ 186-87 (Plaintiff Butsch II experienced a charge of approximately $700 to his debit card and noticed fraudulent loan and credit inquiries on his Experian credit report), 204 (Plaintiff Williams experienced fraud in connection with her SNAP account), 221 (Plaintiff Johnson III experienced fraudulent transactions on his bank account), 236 (Plaintiff Forbes received bills from an unfamiliar doctor in South Carolina), 252 (Plaintiff Gonzalez Jr. experienced 15 charges to his credit card). Plaintiffs also allege their Private Information has been published on the dark web. *See id.* ¶¶ 188, 198, 205, 230, 246. Their injuries were caused by Defendant when it failed to implement or maintain adequate security measures to protect Plaintiffs' Private Information. *See id.* ¶ 150. These allegations are sufficient for Article III standing. *See Owen-Brooks v. Dish Network Corp.*, No. 1:23-cv-01168-RMR-SBP, 2024 U.S. Dist. LEXIS 176182, at *7 (D. Colo. Sep. 27, 2024) (finding that allegations of fraud or attempted fraud are enough to

make Article III standing plausible at the pleading stage); *In re New Era Enters. Inc. Data Incident Litig.*, No. CV H-25-732, 2026 WL 303547, at *3 (S.D. Tex. Feb. 4, 2026) (finding that allegations that personal information was posted on the dark web sufficient to establish both present injury and substantial risk of future harm under Article III) (citing *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir. 2023)); *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 303–05 (2d Cir. 2021)).

The cases Defendant cites in support of its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) are materially distinguishable because Plaintiffs here allege what plaintiffs in those cases did not. *See Henderson v. Reventics, LLC*, No. 23-cv-00586-MEH, 2024 U.S. Dist. LEXIS 234435, at *22 (D. Colo. Sep. 30, 2024) (allegations that plaintiffs experienced fraud sometime "following" the data breach were insufficient to support causation); *Maser v. Commonspirit Health*, No. 1:23-cv-01073-RM-SBP, 2024 U.S. Dist. LEXIS 102196, at *17 (D. Colo. Apr. 16, 2024) ("Although she alleges that her credit union account was drained as a result of the Data Breach (and as a result, she lost her housing and her credit rating was damaged), she does not allege when the bank fraud occurred in relation to the Data Breach."). Plaintiffs here provide sufficient facts to adequately allege causation. Plaintiffs allege that this case involves a targeted data breach, involving fraud-sensitive data being posted on the dark web, and actual misuse after the Data Breach. *See* CAC ¶¶ 7, 8, 11, 13, 38, 55-56, 141, 155, 169. In addition, Plaintiffs allege they received notice letters from Defendant notifying them that their Private Information had been compromised. *Id.* ¶¶ 5, 193, 210, 225, 241. Defendant makes too much of the passage of time between when the Data Breach occurred and Plaintiffs' allegations of fraud and identity theft, which is a factual issue. Criminals can amass information over

time to commit such acts. *Id.* ¶¶ 155-158. Accordingly, Plaintiffs have surpassed the requirements of Article III at this stage of the proceedings. *See Maser*, 2024 U.S. Dist. LEXIS 102196, at *14 ("[C]ases that involve targeted breaches, fraud-sensitive data, and actual misuse (as to at least one named plaintiff) easily meet the Article III standing requirement at the pleading phase.") (citing *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365, 370 (1st Cir. 2023)).

Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is also not clearly meritorious and is unlikely to dispose of the entire case, as Plaintiffs will detail further in responding to that motion. First, as to Plaintiffs' negligence claim, this Court has found that *even if* "additional information is needed to determine whether a legal duty exists[,]" a claim for negligence will survive a motion to dismiss at the pleading stage once plaintiffs have "sufficiently pled the elements of negligence to put the Defendants on notice of a negligence claim[.]" *Owen-Brooks*, 2024 U.S. Dist. LEXIS 176182, at *9. As to Plaintiffs' negligence *per se* claims premised on violations of the FTC Act and HIPAA, this Court has also allowed such claims to proceed at the pleading stage. *See id.* at *10 (allowing plaintiffs' negligence per se claim based on the FTC Act and HIPAA to proceed). Third, whether or not Plaintiffs are intended beneficiaries to a contract is a factual dispute which is not decided at the pleading stage. *See Otimo Music, Inc. v. Royalty Exch., Inc.*, No. 18-cv-00006-RBJ, 2018 U.S. Dist. LEXIS 215597, at *10 (D. Colo. Dec. 20, 2018) ("Whether or not [plaintiff] was an intended third-party beneficiary of the contract is a factual dispute. I find that at the motion to dismiss stage [plaintiff] has made a sufficient showing that it was an intended third-party beneficiary of the contract."). Thus, Plaintiffs will prevail on the merits of these claims and Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6) will be denied.

Nor does the fact that Defendant's Motion to Dismiss includes a jurisdictional challenge change the analysis. Defendant relies on a handful of decisions noting that courts "*may* be more inclined" to stay discovery when jurisdictional issues are at stake. Mot. at 3 (quoting *Clarendon*, 2019 U.S. Dist. LEXIS 73824, at *5-6) (emphasis added). But this Court rejected the notion that a pending jurisdictional motion *automatically* warrants a stay in *Boulter*, where the defendants, like here, sought a stay pending resolution of a Rule 12(b)(1) motion. *Boulter*, 2020 U.S. Dist. LEXIS 267286, at *3. The court expressly declined to "pre-judge the merits" of the jurisdictional challenge, applied the full *String Cheese* balancing test, and ultimately denied the stay. *Id.* at *5-9. Plaintiffs acknowledge that *Retzolff v. Jacobs Ent., Inc.*, No. 24-cv-03538-PAB-KAS, 2025 U.S. Dist. LEXIS 276767 (D. Colo. Sept. 12, 2025), granted a stay in a data breach class action pending a motion to dismiss challenging standing. The Court is not obligated to follow that order, which does not address the defendant's prospect of eliminating the case in its entirety. Here, Plaintiffs forecast for the Court why their case will proceed on the merits.

This Court should decline to follow the cases Defendant cites. Three of them—*Clarendon*, 2019 U.S. Dist. LEXIS 73824, at *8; *Wyers Prods. Grp. v. Cequent Performance Prods.*, No. 12-cv-02640, 2013 U.S. Dist. LEXIS 80433, at *8 (D. Colo. June 7, 2013); and *Sandoval v. United States*, No. 11-cv-01533, 2011 U.S. Dist. LEXIS 93939, at *6-7 (D. Colo. Aug. 23, 2011)—did not analyze the fourth *String Cheese* factor as it relates to nonparties whose rights may be affected by a stay. Two others—*Barnes v. Omnicell*, No. 24-cv-00538, 2026 U.S. Dist. LEXIS 10241, at *3-4 (D. Colo. Jan. 20, 2026), and *Trs. of Springs Transit Co. Emp.'s Ret. & Disability Plan v. City of Colo. Springs*, No.

09-cv-02842-WYD-CBS, 2010 U.S. Dist. LEXIS 55182 (D. Colo. May 11, 2010)—involved no class or third parties at all. While *Dillon Cos. LLC v. United Food & Commercial Workers Int'l Union, Local No. 7*, No. 1:25-cv-00417, 2025 U.S. Dist. LEXIS 121841, at *15 (D. Colo. June 26, 2025), and *Edwards v. Zenimax Media, Inc.*, No. 12-cv-00411-WYD-KLM, 2012 U.S. Dist. LEXIS 68816, at *9 (D. Colo. May 17, 2012), did address nonparty interests, both cases are factually distinguishable. The nonparties in *Dillon* were other unions and employers in separate negotiations, not a class of consumers with legal rights at stake in the case itself. And *Edwards* involved a putative class of video game purchasers alleging a product defect that decreased the game's value—not, as here, a Data Breach exposing Plaintiffs' and Class Members' personal information to the risk of identity theft, fraud, and misuse of their Private Information, which compounds the longer it goes unaddressed. Therefore, this case is different because a class's rights will be directly affected by a stay of discovery. Accordingly, Defendant's Motion to Stay Discovery should be denied.

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion to Stay and allow discovery in this case to proceed.

Dated: September 16, 2026

Respectfully submitted,

By: */s/ Jeff Ostrow*

Jeff Ostrow
Jonathan M. Streisfeld
**KOPELOWITZ OSTROW P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
Tel: (954) 332-4200
ostrow@kolawyers.com
streisfeld@kolawyers.com

Leanna A. Loginov
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel.: (305) 479-2299
lloginov@shamisgentile.com

John J. Nelson
**MILBERG, PLLC**
280 S. Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel.: (858) 209-6941
jnelson@milberg.com

*Interim Co-Lead Class Counsel*